# Exhibit 1

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| RIMSYS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 2:23-cv-01630-CRE |
| | ) | |
| v. | ) | |
| | ) | |
| KAREN COHN, | ) | |
| | ) | |
| Defendant. | ) | |

**DECLARATION REGARDING SERVICE
PURSUANT TO FED. R. CIV. P. 65**

I, Antoinette C. Oliver, Esquire, hereby verify that the following information is true and correct to the best of my knowledge, information, and belief:

1.       On September 11, 2023, Plaintiff Rimsys, Inc. ("Rimsys"), filed a Verified Complaint, seeking to enjoin Defendant Karen Cohn ("Cohn") from misappropriating its Confidential Information and Trade Secrets (as defined in the Verified Complaint) and breaching her contractual, statutory, and/or common law obligations to Rimsys through her new employment with Veeva Systems, Inc. ("Veeva").

2.       On September 12, 2023, Rimsys also filed a Motion for Temporary Restraining Order and Memorandum of Law in support of same, along with ancillary motions related to expedited proceedings.

3.       Prior to those filings, by letter dated August 31, 2023, the undersigned notified Cohn that she was in breach of her Agreement with Rimsys (as defined in the Verified Complaint) through, *inter alia*, her improper transmittal of Confidential Information and Trade Secrets to her personal email account and disclosure of same in her employment with Veeva. *See* **Exhibit A.**

4.      The August 31, 2023, letter was sent to Cohn via email and U.S. Mail.  The email was directed to her personal email account, knutsonkarenann@gmail.com.  *See* **Exhibit B.**

5.      Cohn never responded to the August 31, 2023, letter or email.

6.      Cohn also failed to respond to a follow-up email sent on September 5, 2023.  *See* **Exhibit C.**

7.      Also on August 31, 2023, the undersigned sent a letter to Veeva, via email and U.S. Mail, outlining Cohn's breaches of the Agreement and requesting confirmation that Cohn was not using Rimsys' Confidential Information or Trade Secrets in her new employment.  *See* **Exhibit D.**

8.      In multiple email responses sent on September 5, 2023, Veeva's Associate General Counsel - Global Employment Law represented that Cohn "maintains she has no [Confidential Information or Trade Secrets] in her possession," but denied the legitimacy of any restrictive covenants. *See* **Exhibit E.**

9.      Based on Veeva's September 5, 2023, email, it appears that Cohn is aware of Rimsys' allegations at issue in this suit and has discussed those allegations with Veeva.

10.      On September 12, 2023, Rimsys arranged for personal service of the following filings on Cohn by process server:

   a.      Verified Complaint;

   b.      Motion for Temporary Restraining Order and Preliminary Injunction;

   c.      Memorandum of Law in Support of Motion for Temporary Restraining Order and Preliminary Injunction;

   d.      Motion for Expedited Hearing;

   e.      Motion to Expedite Discovery;

   f.      Motion for Order of Court Directing Preservation of Documents,

Electronically Stored Information, and Things;

      g.     Notice of Appearance of Justin D. Beck; and

      h.     Summons in a Civil Action.

11.     Rimsys will advise this Court immediately upon effectuation of service of all such documents through the filing of an affidavit of service.

12.     In the meantime, the undersigned will also provide Cohn with electronic copies of all papers referenced in Paragraph 10 by email, directed to her personal account at knutsonkarenann@gmail.com.

13.     I understand that this Declaration is made subject to the penalties relating to unsworn falsification to authorities, 28 U.S.C. § 1746.


Dated: September 12, 2023

                                  _____
                                    Antoinette C. Oliver

4874-8608-8063, v. 2

# Exhibit A



## MEYER UNKOVIC SCOTT
ATTORNEYS AT LAW

Writer's direct dial phone number and e-mail address:
412-456-2851 ~ aco@muslaw.com

August 31, 2023

**_Sent via Email and U.S Mail_**
Karen Cohn
709 Filbert Street
Pittsburgh, PA 15232
knutsonkarenann@gmail.com

RE:    Cease and Desist Letter- Breach of Employment Agreement with Rimsys, Inc.

Dear Ms. Cohn:

Please be advised that this firm represents Rimsys, Inc. ("Rimsys" or the "Company") in connection with your breach of the agreement that you entered into with the Company on or about March 22, 2022 (the "Agreement") at the commencement of your employment.  A copy of that Agreement is enclosed for your convenient reference.  While its investigation is ongoing, it has very recently come to the Company's attention that you have breached the Agreement in at least the following ways:

1.     At various times during your employment, you violated the Agreement's confidentiality provisions prohibiting you from removing Confidential Information from the Company's premises without consent.  (Agreement at pp. 2-3.)  More specifically, on multiple occasions, you sent documents containing the Company's Confidential Information to your personal email, without the Company's knowledge or consent.  Notably, you stole some of this Confidential Information just before leaving the Company's employ to work for a competitor.

2.     When you resigned from your employment with Rimsys, you failed to return this Confidential Information to the Company.  (Agreement at p. 3.)

3.     You are in direct violation of the Agreement's non-compete covenant, as you have become employed by Veeva Systems, Inc. ("Veeva"), one of the Company's competitors, in a role that is similar in function and purpose to the role that you held with the Company less than twelve months ago.  (Agreement at p. 4.)

4.     Also in direct violation of the Agreement's non-compete covenant, your role with Veeva less than twelve months after your departure from the Company involves the

Meyer, Unkovic & Scott LLP | Henry W. Oliver Building | 535 Smithfield Street, Suite 1300 | Pittsburgh, PA 15222 | 412.456.2800

MERITAS LAW FIRMS WORLDWIDE

Karen Cohn
Page 2
August 31, 2023

> probable use or disclosure of Confidential Information and the potential conversion
> of the Company's customers.  (Agreement at p. 4.)

5.      You failed to disclose your employment with Veeva to the Company within ten
         (10) days of your acceptance.  (Agreement at p. 5.)

Rimsys takes these matters very seriously and will take all necessary steps to protect its
Confidential Information and its customer relationships.  That includes filing suit against you (and,
potentially, Veeva) seeking damages, injunctive relief, and any other relief permitted by the
Agreement or applicable law.  Rimsys is still assessing the extent of the damage caused by your
actions and the steps that it will take in response.

You are now on notice of potential litigation against you.  Given that, you must take all steps to
preserve, and not destroy, conceal, or alter, any and all information, including by way of example
and without limitation, emails, text messages, social media posts, voicemails, records, files, call
logs, cloud storage accounts, and other data (wherever located and regardless of the format or
media) that is related to the subjects covered by this letter, including all of the Company's
Confidential Information wrongfully in your possession.  You must suspend any automated
deletion or archiving features until this dispute is resolved.  Be forewarned that destruction of this
evidence may result in additional penalties and legal sanctions.

**To the extent that you have paper documents containing the Company's Confidential
Information, the Company demands that you turn such documents over to me by Friday,
September 1 at 3:00 pm at the above address.  While you are obligated to preserve all of the
Company's Confidential Information that wrongfully remains in your possession in
electronic form until it can be collected from your accounts and devices by a vendor of the
Company's choosing at your expense, you are prohibited from accessing said Information.
Similarly, you are prohibited from using or communicating the Company's Confidential
Information that is known to you, including in connection with your employment with Veeva.**

In accordance with its terms, Rimsys will provide Veeva with a copy of the Agreement, along with
a recitation of the facts known to the Company concerning your breaches of the Agreement.

This letter is not intended as a full recitation of the facts or a complete review of your obligations
to the Company.  Nothing contained in or omitted from this letter is intended to be or should be
construed as a limitation, waiver, or restriction of Rimsys' rights or remedies.  Rimsys expressly
reserves all its rights.

Karen Cohn
Page 3
August 31, 2023


Please call me, or have your counsel contact me, if you wish to discuss this matter and to arrange for the return all paper documents containing the Company's Confidential Information by the afore-mentioned deadline.

Very truly yours,

/s/Antoinette C. Oliver

Antoinette C. Oliver

Enclosure

4866-0979-7245

March 9, 2022

Karen Knutson

Dear Karen,

This letter is intended to inform you of certain policies concerning your obligations to any previous employers and to ask you to tell us about them. We also want to inform you of some of the conditions of your employment, including the safeguarding of confidential information, the ownership of any inventions or innovations you may make, and your continuing obligations to Rimsys, Inc. (referred to in this letter as the "Company") should you leave our employ.

You are asked to confirm the obligations set forth in this letter and to agree to be bound by them, in consideration of our offer to you of employment with the Company.

These obligations will become effective after you have been offered, and accepted, a position of employment with the Company.

<u>Your Preexisting Obligations and Affiliations</u>

We will not ask you to do anything inconsistent with any prior commitments or agreements you have made to preserve the confidentiality of trade secrets and other proprietary information belonging to a previous employer, to the assignment of inventions and/or to limit your continued employment in a particular field, or to do anything that is inconsistent with prior affiliations you may have had. We also ask that you agree not to use or disclose to the Company I any trade secrets, confidential, and/or proprietary information relating to your previous employer(s) that you may be required to keep confidential.

However, we do need to know of the existence of any such commitments, agreements or affiliations. We may need to review them to determine if we can offer you the employment we wish and, in some instances, may find that we cannot employ you until we have done so. Accordingly, please describe briefly any such commitments, agreements, and affiliations where noted below and, if possible, provide a copy of any written version of them to the Founder and President of the Company.

1) I do not possess any information that is or could be confidential with respect to third parties, have not been and am not subject to any restrictions concerning the disclosure of confidential information or its use in my employment, and any information that I will or may use in my employment with the Company was obtained by lawful means and I properly possess it.

_True_
(TRUE) (FALSE)

If answer is "FALSE", specify on separate sheet.

2) I have signed an agreement with a previous employer, or am otherwise obligated, relating to:

_No_____ Inventions
(YES) (NO)

_____ Confidential Information
{YES} {NO}

_____ Limitation on Employment
{YES} {NO}

If any answer is "YES", specify on separate sheet.

3) I am not and have not been a promoter, greater than five percent shareholder, director, employee or officer of, or consultant to, a business similar to the business of the Company (defined below).

_____
(TRUE) (FALSE)

If answer is "FALSE", specify on separate sheet.

By signing this letter, you agree that you will not enter into any such agreement, commitment or affiliation during your employment with us unless you obtain the prior written approval of the Founder and President of the Company.

Confidentiality

We expect that much of your work will involve exposure to confidential information, some of which includes unpatented trade secrets. We want you to understand fully at the outset how important it is to the continued success of the Company's business that there be no unauthorized disclosure of the Company's trade secrets or other confidential and/or proprietary information, and that this security must be maintained both during, and after, your employment. All of the Company's employees have a common interest and responsibility in seeing that no one employee accidentally or intentionally siphons off, discloses or distributes any part of this pool of information to anyone outside of the Company.

The information that we regard as confidential ("Confidential Information") includes all information, individually or collectively, that you learn or originate during your employment with the Company or any of its subsidiaries or affiliates, whether tangible or intangible, concerning our affairs, both business and technical, which is not publicly available (as a whole) and which has not been approved by us for unrestricted release to persons outside the Company. It includes information and data developed by employees and may include information developed by you or your fellow employees or received by us from persons outside the Company. It may also relate to past, present or future, and may concern by way of example and not limitation: business plans, strategies, and analyses; business preferences and historical transaction data regarding the Company's existing and prospective customers; forecasts and analyses; internal business methods and systems, know how, and innovations; non-public financial data; marketing plans, research, and analyses;  software design and implementation; unpublished pricing information and variables such as costs, discounting options, and profit margins; records of private dealings with vendors, suppliers, and distributors;  bids; technology; test procedures; private contract provisions; personnel data; business sale and acquisition opportunities identified by the Company and related analysis; records of private dealings with vendors, suppliers, and distributors; and Company trade secrets. It may be oral or contained on paper records, printouts, drawings, film, disks, or computer programs, or any other media regardless of its physical form or characteristics, and

includes all reproduction of the foregoing by whatever process.

You agree that, during and after your employment, Confidential Information is solely the Company's property. You also agree that, during and after your employment, you will not remove Confidential Information from the Company's premises without prior written authorization from the Founder and President, will keep Confidential Information confidential, and will not disclose or convey it to anyone outside of the Company or use it in any way except in the performance of your duties and for the benefit of the Company. Further, you agree that upon the cessation of your employment with the Company for any reason, you will immediately return all Company property, including, without limitation, computers, data storage devices, passwords, ID cards, keys and all Confidential Information and not retain originals or copies of these items and data in any form. Upon request of the Company, you will provide the Company with a sworn written statement confirming your compliance with the foregoing provision.

Nothing in this Agreement prohibits you from reporting an event that you reasonably and in good faith believe is a violation of law to the relevant law-enforcement agency (such as the Securities and Exchange Commission or Department of Labor), requires notice to or approval from the Company before doing so, or prohibits you from cooperating in an investigation conducted by such a government agency. This may include a disclosure of trade secret information provided that it must comply with the restrictions in the Defend Trade Secrets Act of 2016 (DTSA). The DTSA provides that no individual will be held criminally or civilly liable under Federal or State trade secret law for the disclosure of a trade secret that: (i) is made in confidence to a Federal, State, or local government official, either directly or indirectly, or to an attorney; and made solely for the purpose of reporting or investigating a suspected violation of law; or, (ii) is made in a complaint or other document if such filing is under seal so that it is not made public. Also, an individual who pursues a lawsuit for retaliation by an employer for reporting a suspected violation of the law may disclose the trade secret to the attorney of the individual and use the trade secret information in the court proceeding, if the individual files any document containing the trade secret under seal, and does not disclose the trade secret, except as permitted by court order. To the extent that you are covered by Section 7 of the National Labor Relations Act (NLRA) because you are not in a supervisor or management role, nothing in this Agreement shall be construed to prohibit you from using information you acquire regarding the wages, benefits, or other terms and conditions of employment at the Company for any purpose protected under the NLRA. You understand that under the NLRA, covered employees have a right to self-organization, to form, join, or assist labor organizations, to bargain collectively through representatives of their own choosing, and to engage in other concerted activities for the purpose of collective bargaining or other mutual aid or protection, and to refrain from any or all of such activities.

Inventions: Disclosure and Assignment

You agree to disclose to us any and all inventions, discoveries, improvements, designs, processes, machines, products, business methods or systems, know how, ideas or concepts of commercial value or utility, developments, or innovations, patentable or not, made or conceived by you, alone or jointly with others, during your employment with us and relating to, arising out of, or pertaining to, the Company's business. All such items to be disclosed are called the "Inventions".

You assign to the Company your right, title and interest in and to all Inventions that are made, conceived, or reduced to practice by you, alone or jointly with others, during your employment with the Company (whether during working hours or not) that either (i) relate to the Company's business, or actual or demonstrably anticipated research or development of the Company, or (ii) involve the use or

assistance of any tools, time, material, personnel, information, or facility of the Company, or (iii) result from or relate to any work, services, or duties undertaken by you for the Company. You further agree to execute papers and take other reasonable steps to confirm assignment to us of, your entire right, title and interest in and to any of the Inventions.

You agree that you will not claim rights in, or control over, any Invention as being excluded from this Agreement because it was conceived or created prior to being employed by the Company (a "Prior Work") unless such item is identified on Appendix A and signed by you as of the date of this Agreement. You will not incorporate any such Prior Work into any work or product of the Company without prior written authorization from the Company to do so; and, if such incorporation does occur, you grant the Company and its assigns a nonexclusive, perpetual, irrevocable, fully paid-up, royalty-free, worldwide license to the use and control of any such item that is so incorporated and any derivatives thereof, including all rights to make, use, sell, reproduce, display, modify, or distribute the item and its derivatives.

This Agreement's assignment provisions are limited to only those inventions that can be lawfully assigned by an employee to an employer.

You agree that you will, without further compensation but at no expense to you, do all lawful things as may be required to create, maintain and protect the Company's interest in the Inventions, whether patentable or not. This includes, but is not limited to, maintaining invention records that will be our property and assisting with the preparation of, and executing, documents necessary to fulfill these purposes.

Non Compete Covenant

Due to the nature of the Company's business operations, in the performance of your duties for the Companies you may have access to Confidential Information, including, but not limited to, technical proprietary information, customer information, sales and pricing information, product development strategies, and marketing strategies. The availability of this information in the course of the performance of your duties will give you a unique value to us because of the direct contact you may have with our products and/or customers. It is thus necessary that we ask you to limit, both during and after your employment with us, certain activities that you might otherwise consider undertaking.

In order to protect the Company's Confidential Information and good will, during your employment and for a period of twelve (12) months following the conclusion of your employment for any reason (the "**Restricted Period**"), you agree that you will not (directly or through the control of others):

a) provide services for the benefit of any person or entity that is competitive with the business of the Company within the United States, North America, or Europe, that are the same or similar in function or purpose to those you provided to the Company during the last two years of your employment (or such shorter period of time as you are employed); or

b) take on any other responsibilities for any person or entity that is competitive with the business of the Company that would involve the probable use or disclosure of Confidential Information or the conversion of customers to the benefit of a competing person or entity to detriment of the Company.

For purposes of this Agreement, "business of the Company" shall mean the creation, production, development, marketing and sale of regulatory information management software designed for medical technology companies.

In the event of a cessation of your employment with the Company for any reason, you agree to disclose the name and address of any new employer or business affiliation to the Company within ten (10) days of your accepting such position. Further, you acknowledge that the Company may furnish notice of this Agreement to your new employer.

Notwithstanding the foregoing, this Agreement is not intended to prohibit (a) employment with a non-competitive independently operated subsidiary, division, or unit of a family of companies that include a competing business, so long as the employing independently operated business unit is truly independent and your services to it do not otherwise violate this Agreement; or, (b) a passive and non-controlling ownership of less than 1% of the stock in a publicly traded company. This provision also does not preclude conduct protected by Section 7 of the NLRA such as joining or forming a union, engaging in collective bargaining, or engaging in other concerted activity for mutual aid and protection.

You acknowledge and agree that the scope of the above-described restrictions is reasonable and appropriate in order to effectuate the Company's interest in trade secrets, confidential information, commercial relationships and goodwill given your current and anticipated job duties for the Company and the nature and scope of the Company's business.

Non-Solicitation of Customers and Employees
In order to protect the Company's Confidential Information, key business relationships, and good will, you further agree that during the Restricted Period you will not (directly or through the direction or control of others):

a) solicit any of the employees of the Company to leave our employ; or

b) hire, attempt to hire, or assist in hiring any Company employee on behalf of a competing business; or

c) solicit, or attempt to solicit any customers of the Company for the sale of any products or services similar to those offered or sold by the Company and for which you were principally involved with while at the Company, as either a product developer, or in the case of services, as a client contact or consultant; or

d) knowingly engage in any conduct that is intended to cause, or could reasonably be expected to cause a customer to stop or reduce doing business with the Company, or that would involve diverting business opportunities away from the Company;

You further acknowledge and agree that if you violate any of the provisions of this Section, the running of the Restricted Period will be extended by the time during which you engage in such violation(s).

Additional Provisions

*Construction and Severability.* If any section, paragraph, term or provision of this Agreement, or the application thereof, is determined by a court to be invalid or unenforceable, then the other parts of

such section, paragraph, term or provision shall not be affected thereby and shall be given full force and effect without regard to the invalid or unenforceable portions. In the event that any territorial or time limitations in this Agreement are deemed to be unreasonable by a court, you agree and submit to the reduction of either of the territorial or time limitations, or both, to such an area or period as the court shall deem reasonable.

*Enforcement.* You agree that if you violate any of the covenants and agreements set forth above, the Company would suffer irreparable harm, and that such harm to it may be impossible to measure in monetary damages. Accordingly, in addition to any other remedies which the Company may have at law or in equity, you agree that it shall have the right to have all provisions of this Agreement specifically performed by you, and the Company shall have the right to obtain preliminary and permanent injunctive relief to secure specific performance, and to prevent a breach or contemplated breach, of this Agreement. In the event the Company files suit or commences arbitration to enforce its rights under this Agreement and obtains any relief whatsoever, you agree to pay the Company's reasonable attorneys' fees and costs incurred in connection therewith.

*Jurisdiction and Governing Law.* Any such judicial proceeding involving a dispute under this Agreement shall be brought exclusively in the United States District Court for the Western District of Pennsylvania, or the Court of Common Pleas for Allegheny County, Pennsylvania. Each party hereby irrevocably consents and submits to the personal jurisdiction of the specified forums, and venue therein. Any such suit shall be construed and governed in accordance with the laws of the Commonwealth of Pennsylvania, not including its conflicts of laws provisions.

*Assignment, Successors, etc.* This Agreement, including but not limited to the non-competition and non-solicitation provisions set forth above, may be assigned by the Company, and will take effect for the benefit of any successors or assigns of the Company or any company or entity created by the merger, reorganization or sale of assets of Rimsys, Inc.

*Waiver of Breach.* The waiver by the Company of a breach of any provision of this Agreement by you shall not operate or be construed as a waiver of any subsequent breach.

Binding Obligation

We ask that you review this letter describing the obligations undertaken as a condition of your employment with care, as we take these obligations seriously and will enforce them. Your employment with the Company is "at will" and does not bind either of us to any specific period of employment.

This Agreement cannot be changed except in writing signed by us and is binding on both of us. This agreement supersedes all of your previous confidentiality agreements with the Company.

I have read, understand and agree to abide by the policies of the Company as stated above and by the terms of this letter.

By: _____

Printed Name: Karen Kratin

Date: March 9, 2022

# Exhibit B

**From:**           Antoinette C. Oliver
**Sent:**           Thursday, August 31, 2023 11:32 AM
**To:**             knutsonkarenann@gmail.com
**Subject:**        Cease and Desist Letter
**Attachments:**    Rimsys-Letter to Cohn - v.1.pdf; Employment Agreement.pdf

Dear Ms. Cohn,

Please see the attached correspondence.

# Exhibit C

| | |
|---|---|
| **From:** | Antoinette C. Oliver |
| **Sent:** | Tuesday, September 5, 2023 3:42 PM |
| **To:** | knutsonkarenann@gmail.com |
| **Subject:** | RE: Cease and Desist Letter |
| **Attachments:** | Rimsys-Letter to Cohn - v.1.pdf; Employment Agreement.pdf |

Ms. Cohn,

I am following up on my email below and the attached correspondence.  I would appreciate the courtesy of a response, as this matter is very important and time sensitive to Rimsys.  Thank you.

-Antoinette

**From:** Antoinette C. Oliver
**Sent:** Thursday, August 31, 2023 11:32 AM
**To:** knutsonkarenann@gmail.com
**Subject:** Cease and Desist Letter

Dear Ms. Cohn,

Please see the attached correspondence.

# Exhibit D

**From:**            Antoinette C. Oliver
**Sent:**            Thursday, August 31, 2023 3:09 PM
**To:**              Josh.faddis@veeva.com
**Subject:**         Karen Cohn/Litigation Hold Notice
**Attachments:**     Letter to Veeva.pdf; Employment Agreement.pdf

Mr. Faddis,

Please see the attached correspondence.

-Antoinette



# MEYER UNKOVIC SCOTT
ATTORNEYS AT LAW

Writer's direct dial phone number and e-mail address:
412-456-2851 ~ aco@muslaw.com

August 31, 2023

**_Sent via Email and U.S Mail_**

Veeva Systems, Inc.
c/o: Josh Faddis, General Counsel
4280 Hacienda Drive
Pleasanton, CA  94588
Josh.faddis@veeva.com

RE:    Karen Cohn's Breach of Employment Agreement with Rimsys, Inc.
            **Litigation Hold Notice**

Dear Mr. Faddis:

Please be advised that this firm represents Rimsys, Inc. ("Rimsys" or the "Company") in connection with Karen Cohn's breach of her employment agreement with the Company dated March 22, 2022 (the "Agreement"). A copy of that Agreement is enclosed for your review. As you may know, Ms. Cohn was employed by Rimsys from March 22, 2022 until she resigned from her employment on July 21, 2023. In her role as Regulatory Affairs Specialist, Ms. Cohn was responsible for, among other things, collaborating with both internal and external stakeholders by defining and clarifying regulatory requirements/workflows and demonstrating coverage within the Rimsys solution. Accordingly, she had direct contact with Rimsys' customers to provide them with information concerning their regulatory requirements, workflows, and deliverables, and to map them to the Rimsys solution.

So that she could perform her duties and responsibilities, Ms. Cohn had access to certain of the Company's confidential and trade secret information (the "Confidential Information"). The Agreement, as well as the Company's policies, dictated how Ms. Cohn was permitted to handle this Confidential Information both during the course of her employment with the Company and afterwards. (Agreement at pp. 2-3.) In addition, and in order to protect the Company's Confidential Information and customer relationships, the Agreement restricts Ms. Cohn's ability to work for the Company's competitors, such as Veeva Systems, Inc. ("Veeva"), for a period of twelve (12) months following her employment with the Company. (Agreement at p. 4.) The restrictions contained in the Agreement are enforceable under Pennsylvania law.

Meyer, Unkovic & Scott LLP | Henry W. Oliver Building | 535 Smithfield Street, Suite 1300 | Pittsburgh, PA 15222 | 412.456.2800

MERITAS LAW FIRMS WORLDWIDE

Veeva Systems, Inc.
Page 2
August 31, 2023


While Ms. Cohn failed to disclose her recent employment with Veeva, in direct contravention of her obligation to do so under the Agreement (Agreement at p. 5), the Company recently learned that she has been hired as Veeva's Director, Regulatory Strategy, MedTech. This role is clearly similar in function and purpose to the role that she held with the Company less than twelve months ago. Therefore, her employment by Veeva is prohibited by the Agreement. (Agreement at p. 4.) The Agreement further prohibits Ms. Cohn from accepting this role with Veeva because it involves the probable use or disclosure of Confidential Information and the potential conversion of the Company's customers less than twelve months after leaving the Company's employ. (Agreement at p. 4.)

In addition to these clear violations of her obligations under the Agreement, the Company has also recently learned that Ms. Cohn likely violated the procedures for the handling of Confidential Information contained in both the Agreement and the Company's policies by emailing Confidential Information from her Company email account to a personal account. The Company's investigation concerning these violations is ongoing. **Please be advised that Ms. Cohn is prohibited from using or communicating the Company's Confidential Information that is known to her, including in connection with her employment by Veeva.**

As I have also advised Ms. Cohn, Rimsys takes these matters very seriously and will take all necessary steps to protect its Confidential Information and its customer relationships. That includes filing suit against Ms. Cohn (and, potentially, Veeva) seeking damages, injunctive relief, and any other relief permitted by the Agreement or applicable law. Rimsys is still assessing the extent of the damage caused by Ms. Cohn's actions, the extent of Veeva's involvement, and the steps that it will take in response. **In the meantime, Rimsys requests that on before Friday, September 1, 2023 at 3:00 p.m. EST, you confirm in writing to me that Veeva will prohibit Ms. Cohn from using any of the Company's Confidential Information during the course of her employment with Veeva.**

As Veeva is now on notice of potential litigation, it must take all steps to preserve, and not destroy, conceal, or alter, any and all communications and documents related to these matters, including by way of example, and without limitation, emails, text messages, social media posts, voicemails, records, files, call logs, cloud storage accounts, and other data (wherever located and regardless of the format or media) that is related to the subjects covered by this letter, including its employment of Ms. Cohn. This also requires that Veeva suspend any automated deletion or archiving features until this dispute is resolved. Destruction of this evidence may result in additional penalties and legal sanctions.

This letter is not intended as a full recitation of the facts or a complete review of Ms. Cohn's obligations to the Company. Nothing contained in or omitted from this letter is intended to be or should be construed as a limitation, waiver, or restriction of Rimsys' rights or remedies. Rimsys

Veeva Systems, Inc.
Page 3
August 31, 2023


expressly reserves all its rights, including its right to sue Ms. Cohn and Veeva for use of any of the Company's Confidential Information.

If you wish to discuss this matter, please do not hesitate to contact me.  I look forward to hearing back from you on or before the afore-mentioned deadline regarding Veeva's commitment to ensure that Ms. Cohn abides by her contractual obligation to safeguard the Company's Confidential Information.

Very truly yours,

*/s/ Antoinette C. Oliver*

Antoinette C. Oliver

Enclosure

4854-5387-8653

# Exhibit E

**Miranda J. Settlemyer**

| | |
|---|---|
| **From:** | Scott Summers <scott.summers@veeva.com> |
| **Sent:** | Tuesday, September 5, 2023 7:32 PM |
| **To:** | Antoinette C. Oliver |
| **Cc:** | Eileen Horgan |
| **Subject:** | RE: Karen Cohn/Litigation Hold Notice |

Antionette,

Yes; my apologies, I meant Ms. Cohn.  And we will have to agree to disagree regarding the non-compete, so Veeva makes no such admission.

Scott Summers
Associate General Counsel - Global Employment Law
Veeva Systems, Inc.
479 200-0758
scott.summers@veeva.com


**From:** Antoinette C. Oliver <ACO@MUSLAW.com>
**Sent:** Tuesday, September 5, 2023 7:09 PM
**To:** Scott Summers <scott.summers@veeva.com>
**Cc:** Eileen Horgan <eileen.horgan@veeva.com>
**Subject:** RE: Karen Cohn/Litigation Hold Notice

Scott,

For clarity, I hit reply all.  I think you must have forgotten to move Josh to the bcc line.

Your email refers to Ms. Conley.  Did you mean to refer to Karen Cohn, the Rimsys former employee that I contacted you about?  Suffice it to say that Rimsys disagrees with an assertion by Ms. Cohn that she does not have the Company's confidential information in her possession.

Could you also please confirm for me that, despite being aware of Ms. Cohn's restrictive covenant with Rimsys and that her employment with Veeva violates that covenant, Veeva intends to continue to employ Ms. Cohn in her current role?  Thank you.

-Nette


**Antoinette C. Oliver | Attorney at Law**
412.456.2851 | aco@muslaw.com | vCard | Bio

**Meyer, Unkovic & Scott LLP**
Henry W. Oliver Building | 535 Smithfield Street, Suite 1300 | Pittsburgh, PA 15222-2315
T: 412.456.2800 | F: 412.456.2864 | www.muslaw.com

This message is intended only for the use of the individual or entity to which it is addressed, and may contain information that is privileged or confidential. If the reader of this email is not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify the sender immediately by telephone, and return the original message to the above email address.

**From:** Scott Summers <scott.summers@veeva.com>
**Sent:** Tuesday, September 5, 2023 5:17 PM
**To:** Antoinette C. Oliver <ACO@MUSLAW.com>
**Cc:** Eileen Horgan <eileen.horgan@veeva.com>
**Subject:** RE: Karen Cohn/Litigation Hold Notice

Antoinette,

Again moving Josh to bcc.

While the definition of 'Confidential Information" in the agreement you have provided from Rimsys is very broad, Veeva can assert that it certainly has no intention of allowing the knowing use of any other company's *bona fide* and protectable confidential information, including your client's, by any Veeva employee while working on Veeva matters.

Ms. Conley maintains she has no such information in her possession and has no intention of utilizing any such information of Rimsys in her work for Veeva.

Sincerely

Scott Summers
Associate General Counsel - Global Employment Law
Veeva Systems, Inc.
479 200-0758
scott.summers@veeva.com

**From:** Antoinette C. Oliver <ACO@MUSLAW.com>
**Sent:** Tuesday, September 5, 2023 3:38 PM
**To:** Scott Summers <scott.summers@veeva.com>; Josh Faddis <josh.faddis@veeva.com>
**Cc:** Eileen Horgan <eileen.horgan@veeva.com>
**Subject:** RE: Karen Cohn/Litigation Hold Notice

Scott,

I would appreciate it if you could provide a substantive response as soon as possible.  This matter is very important to Rimsys and is time sensitive.  Thank you.

-Nette

**Antoinette C. Oliver | Attorney at Law**
412.456.2851 | aco@muslaw.com | vCard | Bio

**Meyer, Unkovic & Scott LLP**
Henry W. Oliver Building | 535 Smithfield Street, Suite 1300 | Pittsburgh, PA 15222-2315
T: 412.456.2800 | F: 412.456.2864 | www.muslaw.com

This message is intended only for the use of the individual or entity to which it is addressed, and may contain information that is privileged or confidential. If the reader of this email is not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify the sender immediately by telephone, and return the original message to the above email address.

**From:** Scott Summers <scott.summers@veeva.com>
**Sent:** Thursday, August 31, 2023 4:14 PM
**To:** Antoinette C. Oliver <ACO@MUSLAW.com>; Josh Faddis <josh.faddis@veeva.com>
**Cc:** Eileen Horgan <eileen.horgan@veeva.com>
**Subject:** RE: Karen Cohn/Litigation Hold Notice

Hi Antoinette,

Moving Josh to bcc - - I'll review and come back to you soon.

Scott Summers
Associate General Counsel - Global Employment Law
Veeva Systems, Inc.
479 200-0758
scott.summers@veeva.com


**From:** Antoinette C. Oliver <ACO@MUSLAW.com>
**Sent:** Thursday, August 31, 2023 3:35 PM
**To:** Josh Faddis <josh.faddis@veeva.com>; Scott Summers <scott.summers@veeva.com>
**Subject:** RE: Karen Cohn/Litigation Hold Notice

Josh, Thanks for your prompt response.

Scott, I look forward to hearing back from you.

-Nette


**Antoinette C. Oliver | Attorney at Law**
412.456.2851 | aco@muslaw.com | vCard | Bio

**Meyer, Unkovic & Scott LLP**
Henry W. Oliver Building | 535 Smithfield Street, Suite 1300 | Pittsburgh, PA 15222-2315
T: 412.456.2800 | F: 412.456.2864 | www.muslaw.com

This message is intended only for the use of the individual or entity to which it is addressed, and may contain information that is privileged or confidential. If the reader of this email is not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify the sender immediately by telephone, and return the original message to the above email address.

**From:** Josh Faddis <josh.faddis@veeva.com>
**Sent:** Thursday, August 31, 2023 3:30 PM
**To:** Scott Summers <scott.summers@veeva.com>; Antoinette C. Oliver <ACO@MUSLAW.com>
**Subject:** Fwd: Karen Cohn/Litigation Hold Notice

Hi Ms. Oliver -- Copying Scott Summers who runs our employment law function. Please consider him your contact for this and other related communications.

Thanks,
Josh

3

Josh Faddis

SVP & General Counsel

Veeva Systems Inc.

Office:  925-271-9783

Cell: 415-676-9691

josh.faddis@veeva.com


---------- Forwarded message ---------
From: **Antoinette C. Oliver** <ACO@muslaw.com>
Date: Thu, Aug 31, 2023 at 12:09 PM
Subject: Karen Cohn/Litigation Hold Notice
To: Josh.faddis@veeva.com <Josh.faddis@veeva.com>


Mr. Faddis,


Please see the attached correspondence.


-Antoinette




**Antoinette C. Oliver | Attorney at Law**
412.456.2851 | aco@muslaw.com | vCard | Bio

**Meyer, Unkovic & Scott LLP**
Henry W. Oliver Building | 535 Smithfield Street, Suite 1300 | Pittsburgh, PA 15222-2315
T: 412.456.2800 | F: 412.456.2864 | www.muslaw.com

This message is intended only for the use of the individual or entity to which it is addressed, and may contain information that is privileged or confidential. If the reader of this email is not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify the sender immediately by telephone, and return the original message to the above email address.