IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RIMSYS, INC., | ) | |
| Plaintiff, | ) ) ) | Civil Action No. 2:23-cv-01630-CRE |
| v. | ) ) ) | |
| KAREN COHN, | ) ) ) | |
| Defendant. | ) | |

**ORDER ON MOTION FOR TEMPORARY
RESTRAINING ORDER AND PRELIMINARY INJUNCTION**

**AND NOW**, this _____ day of _____, 2023, at _____ a.m./p.m., upon consideration of Plaintiff Rimsys, Inc.'s ("Rimsys"), Verified Complaint, Motion for Temporary Restraining Order and Preliminary Injunction and supporting documents, and for good cause shown, it is hereby **ORDERED** that the Motion is **GRANTED**, pending a hearing on _____ to show cause why a preliminary injunction should not issue. This Temporary Restraining Order shall expire after 14 days of entry, unless before that time the Court, for good cause shown, extends it for a like period, pursuant to Fed. R. Civ. P. 65(b)(2).

Based on the record before the Court, Rimsys would suffer immediate and irreparable harm in the absence of a temporary restraining order, and Rimsys has demonstrated that it is likely to prevail on the merits of this case, that the balance of equities favor granting a temporary restraining order, and that the public interest is served by the grant of a temporary restraining order. Cohn is employed by a direct competitor trading on Confidential Information and Trade Secrets that Cohn stole from Rimsys during her employment with Rimsys in violation of federal and state law. Rimsys' reputation and goodwill are being irreparably damaged as a result of Cohn's conduct. Rimsys will risk serious and irreparable harm if Cohn is not immediately enjoined in accordance with this Order.

Good cause exists to issue this order without notice to Cohn, as Cohn is committing illegal activities, attempting to hide her activities by absconding with Rimsys' data, and is likely to destroy or alter evidence. The balance of equities favors Rimsys, and issuing immediate injunctive relief is in the public's best interests.

The following immediate injunctive relief is hereby ORDERED:

- Cohn shall deliver to a mutually agreeable third-party forensic vendor all devices and systems that she has used since March 9, 2022, and any additional device or system that was used to disseminate or access Rimsys' information or on which Rimsys' information was found, to ensure that any and all Confidential Information and Trade Secrets are retrieved and permanently removed, and to pay for the services of such vendor;

- Cohn shall immediately return and deliver to Rimsys all Rimsys documents, data, or property;

- Cohn is prohibited from (i) misappropriating, using, or disclosing to any person or entity Rimsys' Confidential Information and Trade Secrets, and (ii) possessing any originals, copies or summaries of Rimsys' Confidential Information and Trade Secrets in any form, electronic or otherwise;

- Cohn is prohibited from working for a competitor in the same or a similar position for a period of twelve months and requiring Cohn to abide by the terms of the Agreement, as tolled for the period of non-compliance or until further ordered by this Court;

- Cohn is required to provide quarterly affidavits for a period of one year verifying that she has complied with her obligations to Rimsys under this Order; and

- Cohn shall otherwise abide by the terms of the Agreement, as tolled for the period of non-compliance.

BY THE COURT:

_____

4853-7159-6926, v. 2