IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RIMSYS, INC., | : | CIVIL ACTION 2:23-CV-01630-WSH |
| Plaintiff, | : | |
| v. | : | |
| KAREN COHN, | : | |
| Defendant. | : | |

## PROTECTIVE ORDER

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, the following Protective Order has been entered by the Court.

**Proceedings and Information Governed.**

1. This Order and any amendments or modifications hereto ("Protective Order") shall govern any document, information or other thing furnished by Rimsys, Inc. ("Rimsys") or Karen Cohn ("Cohn") (Rimsys and Cohn are collectively referred to as "Parties" and individually as "Party"), to any other Party, and includes non-parties who receive a subpoena in connection with this action. The information protected includes, but is not limited to, answers to interrogatories, answers to requests for admission, responses to requests for production of documents, electronically stored information ("ESI"), deposition transcripts and videotapes, deposition exhibits, and other writings or things produced, given or filed in this action that are designated by a Party as "Confidential," or "Attorneys' Eyes Only" in accordance with the terms of this Order, as well as to any copies, excerpts, abstracts, analyses, summaries, descriptions, or other forms of recorded information containing, reflecting, or disclosing such information.

**Designation and Maintenance of Information.**

2. For purposes of this Protective Order, the "Confidential" designation shall mean that the document or thing is comprised of nonpublic information. The "Attorneys' Eyes Only" designation shall mean that the document or thing is comprised of trade secrets or technical, financial, or otherwise competitively sensitive information. In all instances hereunder, the designating Party bears the burden of proving the bases for its designations.

3. The designation of any information as "Confidential," or "Attorneys' Eyes Only," shall be made in the following manner by any designating Party:

  (a) In the case of documents, including ESI produced in the litigation and written discovery: by affixing the legend "Confidential," or "Attorneys' Eyes Only" to the first page of the document and to each page containing any such information.

  (b) In the case of tangible items: by (i) affixing the legend "Confidential," or "Attorneys' Eyes Only" to the item by sticker or other reasonable means; or (ii) by letter to all counsel providing a written description identifying the items so designated.

  (c) In the case of depositions and other pretrial testimony, by written notice sent to all Parties within ten (10) days[1] after receiving a copy of the transcript thereof; and by then directing the court reporter and videographer that the appropriate confidentiality legend be affixed to the first page and all portions of the original and all copies of the transcript containing any information designated as "Confidential," or "Attorneys' Eyes Only" which shall be separately bound apart from the remainder of the transcript. During the ten (10) day period after receipt, all transcripts and the information contained therein will be treated as "Attorneys' Eyes Only" in their entirety.

  (d) In the case of documents or things produced containing a receiving Party's confidential information, the receiving Party may designate "Confidential," or "Attorneys' Eyes Only" that were not designated by a producing Party or "Attorneys' Eyes Only" that were designated "Confidential" by a producing Party by letter to all Parties within ten (10) days after production. Within five (5) days, the producing Party will then reproduce such documents with the new designation as above.

  (e) The inadvertent failure to designate information as "Confidential," or "Attorneys' Eyes Only" does not constitute a waiver of such designation and a designating party may designate information after disclosure, with the effect that such information is thereafter subject to the protections of this Protective Order and that any disclosure prior to such designation shall not be deemed a violation of this Protective Order. In the event that a receiving Party in good faith discloses information that had been inadvertently not designated as "Confidential," or "Attorneys' Eyes Only" when originally produced, such receiving Party shall have the person or entity return or destroy the information or ESI to counsel for the receiving Party. The designating Party may request that a disclosing Party identify all persons or entities to whom they have disclosed the information or ESI, or petition the Court for redress if necessary.

  4. It is the responsibility of counsel to maintain materials designated as

---

[1] For avoidance of doubt, all references to "days" herein means calendar days. Any deadline hereunder that falls on a day on which the Court is closed becomes due on the following day on which the Court is open.

"Confidential," or "Attorneys' Eyes Only" in a secure manner and appropriately identified so as to allow access to such information only to such persons and under such terms as is permitted under this Protective Order.

**Challenge to Designations.**

5.      A receiving Party may challenge a designating Party's designation at any time. Any receiving Party disagreeing with a designation may request in writing that the producing Party change the designation. The producing Party shall then have five (5) days after receipt of a challenge notice to advise the receiving Party whether or not it will change the designation. If the Parties are unable to reach agreement after the expiration of this seven (7) day time frame, and after the conference required under the Local Rules, the receiving Party may at any time thereafter seek a Court Order to alter the confidential status of the designated information. Until any dispute under this paragraph is ruled upon by the Court, the designation shall remain in full force and effect and the information shall continue to be accorded the confidential treatment required by this Protective Order.

**Disclosure and Use of Confidential Information.**

6.      Information designated as "Confidential," or "Attorneys' Eyes Only" may only be used by a receiving Party for purposes of preparation, trial and appeal of this action. The provisions of LCvR 16.1.D, relating to the inadvertent disclosure of privileged information, shall apply in all cases governed by this Protective Order.

7.      "Confidential" information may be disclosed by a receiving Party to the following individuals provided that such individuals are informed of the terms of this Protective Order:

(a) Counsel representing the Parties involved in the litigation;

(b) Regular and temporary employees, service vendors (including computer forensics, outside copying and litigation support services) and agents and contractors of counsel representing the Parties to the extent reasonably necessary to assist in the conduct of the litigation;

(c) Consulting experts engaged by counsel representing the Parties, which are neither employed by a Party in any capacity, directly or indirectly, or working in the medtech software, or any related industry;

(d) Testifying experts;

(e) The Court, judicial and administrative employees, and court reporters and video reporters in connection with proceedings in the litigation;

(f) Any person indicated on the face of a document to be the author, addressee or a copy recipient of the document;

(g) Such other persons as the Parties' counsel may agree in writing; and

(h) Persons testifying in deposition to the extent the document or information was authored by, or addressed to the person testifying, of counsel has a good

faith reason to believe the deponent saw the document or information in the ordinary course of business.

8.  "Attorneys' Eyes Only" information may only be disclosed by a receiving Party to individuals in categories 7(a), 7(b), 7(c), 7(d), 7(e), 7(f), or 7(g) above provided that such individuals are informed of the terms of this Protective Order.

9.  No information designated as "Confidential," or "Attorneys' Eyes Only" may be shared with anyone employed by Veeva Systems, Inc., unless agreed to in writing by Rimsys.

10.  Prior to disclosing information designated as either "Confidential," or "Attorneys' Eyes Only" to a person in Category 7(d) above, a receiving Party shall provide to the Parties a signed Confidentiality Agreement in the form attached as Exhibit A, the resume or curriculum vitae of the proposed expert or consultant, the expert business affiliation, and any current and past consulting relationships in the industry. The Parties shall thereafter have fourteen (14) days from receipt of the above to object to any proposed individual. Such objection must be made for good cause and in writing, stating with particularity the reasons for objection. Failure to object within fourteen (14) days shall constitute approval. If the Parties are unable to resolve objection, the objecting Party may apply to the Court to resolve the matter within seven (7) days thereafter. There shall be no disclosure to any proposed individual during the fourteen (14) day period or, if any objection is made, until the Court has resolved the objection.

11.  Whenever counsel for a non-designating Party wishes to authorize a person under Category 7(i) to have access to "Confidential" information, counsel for that Party must identify that person to counsel for the Parties in writing at least five (5) days prior to disclosing. Identification shall be accomplished by notifying counsel for the designating Party, in writing, of the person's name, address, place of employment, job titles for the last five years and employment history. In the event a Party objects to the identified person's access, such Party shall provide written notice of its objection to the Parties within five (5) days of receiving the above. The Parties shall first try to dispose of such dispute in good faith. If the dispute is not resolved within five (5) days from receipt of the written notice of objection, either Party may request appropriate relief from the Court. The objecting Party shall have the burden of proving that harm or prejudice to the objecting Party will result from the identified person's access. There shall be no disclosure to any proposed individual during the five (5) day period or, if any objection is made, until the Court has resolved the objection. In the event that a person designated under Category 7(i) becomes no longer employed by that Party or any related entity, that Party may petition the Court for an additional designee under Category 7(i).

12.  Counsel shall be responsible for the adherence by third-party vendors to the terms and conditions of this Protective Order. Counsel may fulfill this obligation by obtaining a signed Confidentiality Agreement in the form attached as Exhibit B.

13.  If information is disclosed to any person other than in the manner authorized by this Protective Order, the Party responsible for the disclosure shall immediately upon learning of such disclosure inform the Parties of all pertinent facts relating to such disclosure and shall make every effort to prevent disclosure by each unauthorized person who received such information.

**Non-Party Information.**

14.     The existence of this Protective Order shall be disclosed to any person producing documents, tangible things or testimony in this action who may reasonably be expected to desire confidential treatment for such documents, tangible things or testimony. Any such person may designate documents, tangible things or testimony "Confidential," or "Attorneys' Eyes Only."

**Filing Documents With the Court.**

15.     To the extent that any documents designated "Confidential," or "Attorneys' Eyes Only" cannot be reasonably redacted to prevent disclosure of the information contained in such document, all documents of any nature which have been designated as "Confidential," or "Attorneys' Eyes Only" and filed with the Court shall be filed under seal in accordance with the Court's rules and procedures or other appropriate limitation directed by the Court; provided, however, that nothing herein shall prevent any Party from presenting to the Court for in camera review and inspection any information designated as "Confidential" or "Attorneys' Eyes Only".

**No Prejudice.**

16.     Producing or receiving information designated as "Confidential," or "Attorneys' Eyes Only" or otherwise complying with the terms of this Protective Order, shall not (a) operate as an admission by any Party that any particular information designated as "Confidential," or "Attorneys' Eyes Only" contains or reflects trade secrets or any other type of confidential or proprietary information; (b) prejudice the rights of a Party to object to the production of information or material that the Party does not consider to be within the scope of discovery; (c) prejudice the rights of a Party to seek a determination by the Court that particular materials be produced; (d) prejudice the rights of a Party to apply to the Court for further protective orders; or (e) prevent the Parties from agreeing in writing to alter or waive the provisions or protections provided for herein with respect to any particular information or material.

**Conclusion of Litigation.**

17.     Within sixty (60) days after final judgment in this action, including the exhaustion of all appeals, or within sixty (60) days after dismissal pursuant to a settlement agreement, each Party or other person subject to the terms of this Protective Order shall be under an obligation to destroy or return to the producing Party all materials and documents containing information designated as "Confidential," or "Attorneys' Eyes Only" and to certify to the producing Party such destruction or return. However, counsel representing any Party shall be entitled to retain all court papers, trial transcripts, exhibits and attorney work provided that any such materials are maintained and protected in accordance with the terms of this Protective Order.

**Other Proceedings.**

18.     By entering this Order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or parties subject to this Protective Order that

may be subject to a motion to disclose another Party's information designated as "Confidential," or "Attorneys' Eyes Only" pursuant to this Protective Order, shall promptly notify that Party of the motion so that it may have an opportunity to appear and be heard on whether that information should be disclosed.

**Remedies.**

19. Any Party objecting to the designation of information as "Confidential," or "Attorneys' Eyes Only" must do so in good faith and must begin the process by meeting and conferring directly with counsel for the designating Party (via in person or telephonic conference). In conferring, the objecting Party must explain the basis for its belief that the designation is not proper and must give the designating Party the opportunity to review the designated information, to reconsider the designation, and if no change in designation is offered, to explain the basis for the designation. The designating Party must respond to the objection within twenty-four (24) hours after conclusion of the meet and confer. A Party that elects to challenge the designation following completion of this meet and confer process may move for an order from the Court vacating the designation. Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements of this procedure. The burden of persuasion in such challenge proceeding shall be on the designating Party. While such an application is pending, the information in question shall be treated as "Confidential," or "Attorneys' Eyes Only" as the case may be, pursuant to this Protective Order. The provisions of this Paragraph are not intended to shift the burden of establishing confidentiality with respect to any claim or defense.

20. It is Ordered by the Court that this Protective Order will be enforced by the sanctions set forth in Rule 37(b) of the Federal Rules of Civil Procedure and such other sanctions as may be available to the Court, including the power to hold parties or other violators of this Protective Order in contempt. All other remedies available to any person(s) injured by a violation of this Protective Order are fully reserved.

21. Any Party may petition the Court for good cause shown, in the event such Party desires relief from a term or condition of this Order.

**STIPULATED AND CONSENTED TO:**

/s/ Antoinette C. Oliver
Antoinette C. Oliver
Justin D. Beck
MEYER, UNKOVIC & SCOTT LLP
535 Smithfield Street, Suite 1300
Pittsburgh, PA 15222-2315
Telephone: (412) 456-2800
Fax: (412) 456-2864

*Attorneys for Plaintiff Rimsys, Inc.*


/s/ Molly E. Flynn
Molly E. Flynn
BARNES & THORNBURG LLP 1717 Arch Street, Suite 4900 Philadelphia, PA 19103
Phone: 445-201-8910
Fax: 445-201-8901

*Attorneys for Defendant Karen Cohn*


ENTERED THIS 22nd day of September, 2023.


BY THE COURT:


/s/ W. Scott Hardy
W. Scott Hardy
United States District Judge

Exhibit A

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RIMSYS, INC., | : | |
| | : | CIVIL ACTION 2:23-cv-01630-WSH |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| KAREN COHN, | : | |
| | : | |
| Defendant. | : | |

## CONFIDENTIALITY AGREEMENT FOR EXPERT, CONSULTANT OR EMPLOYEES OF ANY PARTY

I hereby affirm that:

Information, including documents and things, designated as "Confidential," or "Attorneys' Eyes Only" as defined in the Protective Order entered in the above-captioned action (hereinafter "Protective Order"), is being provided to me pursuant to the terms and restrictions of the Protective Order.

I have been given a copy of and have read the Protective Order.

I am familiar with the terms of the Protective Order and I agree to comply with and to be bound by such terms.

I submit to the jurisdiction of this Court for enforcement of the Protective Order.

I agree not to use any information designated as "Confidential," or "Attorneys' Eyes Only" disclosed to me pursuant to the Protective Order except for purposes of the above-captioned litigation and not to disclose any such information to persons other than those specifically authorized by said Protective Order, without the express written consent of the Party who designated such information as confidential or by order of this Court. I also agree to notify any stenographic, clerical or technical personnel who are required to assist me of the terms of this Protective Order and of its binding effect on them and me.

I understand that I am to retain all documents or materials designated as or containing "Confidential," or "Attorneys' Eyes Only" information in a secure manner, and that all such documents and materials are to remain in my personal custody until the completion of my assigned duties in this matter, whereupon all such documents and materials, including all copies thereof,

and any writings prepared by me containing any "Confidential," or "Attorneys' Eyes Only" information are to be returned to counsel who provided me with such documents and materials.

Date:_____         Signature:_____

                                                                              Printed Name:_____

Exhibit B

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RIMSYS, INC., | : |
| Plaintiff, | : CIVIL ACTION 2:23-cv-0163-WSH |
| v. | : |
| KAREN COHN, | : |
| Defendant. | : |

## **CONFIDENTIALITY AGREEMENT FOR THIRD-PARTY VENDORS**

I hereby affirm that:

Information, including documents and things, designated as "Confidential," or "Attorneys' Eyes Only" as defined in the Protective Order entered in the above-captioned action (hereinafter "Protective Order"), is being provided to me pursuant to the terms and restrictions of the Protective Order.

I have been given a copy of and have read the Protective Order.

I am familiar with the terms of the Protective Order and I agree to comply with and to be bound by such terms.

I submit to the jurisdiction of this Court for enforcement of the Protective Order.

I agree not to use any "Confidential," or "Attorneys' Eyes Only" information disclosed to me pursuant to the Protective Order except for purposes of the above-captioned litigation and not to disclose any such information to persons other than those specifically authorized by said Protective Order, without the express written consent of the Party who designated such information as confidential or by order of this Court.

Date:_____    Signature:_____

                                 Printed Name:_____